**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAURICIO BARROSO PEREZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  26-2071 |
| | : | |
| J.L. JAMISON, JOHN E. RIFE, | : | |
| MARKWAYNE MULLIN, PAMELA | : | |
| BONDI, U.S. DEPARTMENT OF | : | |
| HOMELAND SECURITY, | : | |
| EXECUTIVE OFFICE OF | : | |
| IMMIGRATION REVIEW | : | |

## ORDER

**AND NOW**, this 2nd day of April 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center after he alleges being lured out of his house by a Department of Homeland Security official who told him a child had thrown something at this car and then arrested him when he went out to inspect his car, the United States' timely Response (ECF 5), carefully considering the uncontested allegations regarding Petitioner's custody in our District and Respondents do not claim Petitioner is a danger to person or property or a flight risk, mindful the United States repeats the same arguments denied by us and our colleagues from several earlier similar petitions, and finding, as we already found and our colleagues in now hundreds of cases nationwide have found before us facing similar fact patterns,[1] Respondents detain Petitioner in violation of the Constitution and the laws of the United States and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as the Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis (well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly,[2] and there is no basis for mandatory

detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1.    Petitioner Mauricio Barroso Perez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.    Respondents shall **forthwith** release Petitioner Mauricio Barroso Perez from custody and shall confirm their anticipated strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **9:00 AM EST** on **April 3, 2026**;

3.    Respondents are temporarily enjoined from re-detaining Jerlin Josue Najera Lopez until no earlier than **April 17, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Barroso Perez with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4.    Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Barroso Perez from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Barroso Perez is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Barroso Perez from this District for unforeseen or emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Barroso Perez;

5.    We **do not approve** the parties' Stipulation and Order (ECF 6) as moot; and,

2

6.     We **direct** the Clerk of Court **CLOSE** this case.

*[signature]*

**KEARNEY, J.**

---

[1] *See e.g. Holguin Velez v. Jamison*, No. 26-1918, 2026 WL 893679, at *1 (E.D. Pa. Apr. 1, 2026) (Scott, J.); *Torres Jimenez v. McShane*, No. 26-1871, 2026 WL 811680, at *1 (E.D. Pa. Mar. 24, 2026) (Sánchez, J.) (collecting cases); *Teletor Jimenez v. Bondi*, No. 26-1698, 2026 WL 800952, at *2 (E.D. Pa. Mar. 20, 2026) (Hodge, J.); *Beridze v. Jamison*, No. 26-1611, 2026 WL 766171, at *2-5 (E.D. Pa. Mar. 18, 2026) (Rufe, J.); *Noicy v. Jamison*, No. 26-1388, 2026 WL 637635, at *2 & n.1 (E.D. Pa. Mar. 6, 2026) (Sánchez, J.) (collecting cases); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

The United States concedes all decisions in this District addressing the issues raised here are adverse to the United States' position, but cites a recent decision by the United States Court of Appeals for the Fifth Circuit, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), agreeing with the United States' position all non-citizens present in the United States without lawful admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* ECF 5 at 5–6. Judge Sánchez and Judge Wolson earlier this month declined to follow *Buenrostro-Mendez*, noting recent decisions from our colleagues in this District. *See Noicy*, 2026 WL 637635, at *3 & n.3 (collecting cases) and *Hasanboy Olimov v. Jamison*, No. 26-532, 2026 WL 596155, at *3-4 & n.10 (E.D. Pa. Mar. 3, 2026) (Wolson, J.) (collecting cases). Judge Sánchez last month declined to follow *Buenrostro-Mendez*, noting the United States did not seek expedited review of the mandatory detention without bond hearing issue in our Court of Appeals until recently despite successfully seeking expedited review months ago in the Fifth, Sixth, Eighth, and Eleventh Circuits. *Lopez Lopez v. Jamison*, No. 26-1539, 2026 WL 688304, at *2 & nn. 2, 3 (E.D. Pa. Mar. 11, 2026); *see also Menendez Ordonez v. Jamison*, No. 26-1683, 2026 WL 782165, at *3 (E.D. Pa. Mar. 19, 2026) (Rufe, J.) (rejecting the reasoning of *Buenrostro-Mendez*). The United States noted its appeals in two matters, now consolidated, are pending in our Court of Appeals on an expedited basis scheduled for disposition during the week of May 11, 2026. ECF 5 at 5, n.4.

The United States notes it is not currently making jurisdictional arguments as in earlier responses in other cases in the District. ECF 6 at 3, n. 3. The United States refers us to our Court of Appeals' January 15, 2026 decision in *Khalil v. President, United States of America*, 164 F.4th 259 (3d Cir. 2026). In *Khalil*, our Court of Appeals considered whether the district court had jurisdiction over Mr. Khalil's immigration habeas petition. The court held the district court had jurisdiction over the habeas petition. The court then considered a second question; whether the Immigration and Nationality Act stripped the district court of subject matter jurisdiction over Mr. Khalil's challenge to removal proceedings under 8 U.S.C. § 1252(b)(9). *Id.* at 265, 273–74. Our Court of Appeals held the Act divested the district court of subject matter jurisdiction. *Id.* Since the *Khalil* decision, our colleagues have distinguished the facts in *Khalil*—where Mr. Khalil challenged both his removal and detention while removal proceedings pended, from cases where habeas petitioners

3

challenge the legality of detention, concluding we have jurisdiction over habeas claims challenging the United States' authority to detain without a bond hearing. *See Gagiev v. Rose*, No. 26-169, 2026 WL 657739, at *7 (E.D. Pa. Mar. 9, 2026) (Murphy, J.); *Hasanboy Olimov*, 2026 WL 596155, at *2 & n. 6 (collecting cases). Mr. Najera Lopez today challenges his detention without a bond hearing. We, like our colleagues, conclude we have jurisdiction over Mr. Najera Lopez's petition.

[2] The United States provided us with a four-category break down of habeas petitions by immigration detainees challenging the authority of the Department of Homeland Security to detain them without a bond hearing, including the "*Hurtado* cases" category (referring to the Board of Immigration Appeals' ("BIA") decision in *Matter of Hurtado*, 29 I & N. Dec. 2016 (BIA 2025)). The United States asserts Mr. Barroso Perez's habeas petition should be analyzed under the *Hurtado* cases. ECF 5 at 3. We, like our colleagues, find the *Hurtado* analysis does not compel detention under the "applicant for admission" and "seeking admission" language of 8 U.S.C. § 1225(b)(2) as argued by the United States. *See e.g. Meireles de Oliveira v. Jamison*, No. 26-1246, 2026 WL 751946, at *2 (E.D. Pa. Mar. 16, 2026) (Hodge, J.) (collecting cases); *Cardoso Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468, at *3–4 (E.D. Pa. Mar. 10, 2026) (Costello, J.); *Gagiev*, 2026 WL 657739 at *5–6 (Murphy, J.); *Francisco v. Jamison*, No. 26-1321, 2026 WL 607988, at *2 (E.D. Pa. Mar. 4, 2026) (Henry, J.); *Hansaboy Olimov*, No. 2026 WL 596155, at * 4-5 (Wolson, J.). Mr. Barroso Perez entered the United States in 2007, he resides with his partner in Delaware where he worked in a restaurant and for a house cleaning business, and has an upcoming immigration hearing in the Elizabeth, New Jersey Immigration Court where he intends to apply for asylum. ECF 1 ¶¶ 17–19.

4